# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| David Whitehouse ) <br>     *Plaintiff* ) <br> ) <br> v. ) <br> ) <br> Midland Funding, LLC ) <br>     *Defendant* ) <br> Serve: ) <br>     Corporation Service Company ) <br>     412 W. Main Street ) <br>     Frankfort, KY 40601 ) <br> ) | Case No.   3:16-CV-840-DJH |

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

\* \* \* \* \*

1. This is an action brought by a consumer for Midland Funding LLC's illegal and improper post judgment collection conduct which violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692o ("FDCPA"); KRS 453.050, and Ky. R .Civ. P. 54.04.

## JURISDICTION

2. This Court has independent jurisdiction of the claims made pursuant to federal statute as codified at 28 U.S.C. § 1331, 28 U.S.C. § 2201, and as expressly stated for claims made under the Fair Debt Collection Practices Act at 15 U.S.C. §1692k(d).  This court also has supplemental jurisdiction of claims made pursuant to Kentucky state statute and rules of civil procedure pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff David Whitehouse is a natural person who resides in Oldham County, Ky. Mr. Whitehouse is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

5. Midland Funding, LLC is a "debt collector" as defined by the FDCPA in that it engages in the buying of consumer household debt and directly or indirectly regularly engages in the collection of such consumer household debt within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. On November 9, 2015, Midland filed a complaint in the Oldham District Court against Mr. Whitehouse under case number 15-C-00606 (the "Whitehouse Lawsuit") in an attempt to collect a defaulted credit card account issued by original creditor Citibank, N.A. ("Citi") as a Home Depot branded credit card.

7. Mr. Whitehouse used the Citi account at the basis of the Whitehouse Lawsuit exclusively for personal, family, and household purposes, which makes the Citi debt a "debt" within the meaning of the FDCPA.

8. On February 5, 2016, Midland obtained a default judgment in the Whitehouse Lawsuit (the "Whitehouse Judgment"). A copy of the Whitehouse Judgment is attached hereto as Exhibit "A."

9. The Whitehouse Judgment awarded Midland "the sum of $617.47 less credit adjustment by Plaintiff of $17.30 plus court costs…."

10. At no time between the date of entry of the default judgment on February 5, 2016 and the date of filing of this Complaint did Midland file a bill of costs as contemplated by KRS 453.050 and as required by Ky. R. Civ. P. 54.04 setting forth the "court costs" it claimed taxable to Plaintiff David Whitehouse.

11. On March 4, 2016, Midland recorded a notice of judgment lien (the "Whitehouse Judgment Lien") with the County Clerk of Oldham County, Kentucky pursuant to the Judgment in accordance with KRS 426.720, paying a fee of $13.00 to the County Clerk for doing so. A copy of the Whitehouse Judgment Lien is attached hereto as Exhibit "B."

12. The Whitehouse Judgment Lien states that "$600.07, plus court costs" is due and owing on the Judgment as of the date the Whitehouse Judgment Lien was recorded.

13. On May 23, 2016, Midland filed a wage garnishment in an attempt to collect the Whitehouse Judgment (the "Whitehouse Garnishment"). A copy of the Whitehouse Garnishment is attached hereto as Exhibit "C."

14. The Whitehouse Garnishment states that $709.43 is the amount due on the Whitehouse Judgment, or $109.36 more than Midland was awarded in the Whitehouse Judgment.

15. The additional amount of $109.36 represents Midland's self-awarded "costs expended" in the Whitehouse Lawsuit.

16. On May 27, 2016, Mr. Whitehouse filed for Chapter 13 Bankruptcy relief in the Western District of Kentucky in Case No. 13-31669.

17. Mr. Whitehouse listed Midland Funding, LLC as a creditor in Schedule F of his bankruptcy petition as a disputed debt.

18. On June 20, 2016, Midland filed a proof of claim, Claim No. 3, in Mr. Whitehouse's bankruptcy case. Mr. Whitehouse, by counsel, filed an objection to Midland's Proof of Claim No. 3.

19. Despite the filing of the bankruptcy petition and the automatic stay under 11 U.S.C. §362, Midland did not release the Whitehouse Garnishment until July 7, 2014.

20. The Whitehouse Garnishment attached at least $366.63 in funds from Mr. Whitehouse's pay.

21. In Schedule G of Mr. Whitehouse's Petition, Mr. Whitehouse rejected the Citibank credit card agreement at issue in the Whitehouse Lawsuit as follows:

| 2.3 | Midland Funding, LLC<br>2365 Northside Dr<br>Suite 300<br>San Diego, CA 92108 | Assigned credit card agreement from Citibank, N.A. Reject the contract in full including any arbitration agreement in agreement. |
|---|---|---|

22. In his Chapter 13 Plan, Mr. Whitehouse rejected the Citibank credit card agreement at issue in the Whitehouse Lawsuit as follows:

| Midland Funding, LLC | Assignee of credit card agreement from Citibank, N.A. Reject the contract in full including any arbitration agreement in agreement. |
|---|---|

23. The Bankruptcy Court confirmed Mr. Whitehouse's Chapter 13 Plan on July 7, 2016.

24. On September 29, 2016, the Bankruptcy Court disallowed Midland Claim No. 3.

## PLAINTIFF'S ALLEGATIONS

25. Plaintiff alleges that Midland, by its post-judgment conduct and collection activity, violated both Kentucky and Federal law in that:

   A. Midland failed to file and serve the itemized bill of costs required by Ky. R. Civ. P. 54.04 to state the costs it was claiming as recoverable from the Whitehouse Lawsuit.

   B. Midland attempted to collect from Plaintiff Whitehouse $109.36 in costs it was claiming as recoverable from the Whitehouse Lawsuit without complying with Ky. R. Civ. P. 54.04.

26. As a result of Midland's failure to file and serve the bill itemizing costs required by Ky. R. Civ. P. 54.04, and because of Midland's illegal and improper post-judgment collection attempts in attempting to collect from Plaintiff Whitehouse money to which it was not entitled, Midland violated the FDCPA and Kentucky law under KRS 453.050 and Ky. R. Civ. P. 54.04.

## Count I: Collecting or Attempting To Collect State Court Costs Without Complying With Ky. R. Civ. P. 54.04

27. Ky. R. Civ. P. 54.04 mandates that party entitled to recover costs "shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred in the action."

28. At no time after the date of entry of the default judgment against Mr. Whitehouse did Midland file such bill of costs as required by Ky. R. Civ. P. 54.04.

29. The purpose of requiring the prevailing party in a case to file a bill of costs is twofold: (i) to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and (ii) subject the award of costs to judicial oversight and review.

30. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

31. As part of its post-judgment collection conduct Midland attempted to collect and collected from Mr. Whitehouse, in whole or in part, its court costs of $109.36 without complying with Ky. R. Civ. P. 54.04 in that Midland did not file the required bill of costs.

32. Midland's illegal and improper post-judgment conduct in collecting and attempting

to collect costs in the Whitehouse Lawsuit without complying with Ky. R. Civ. P. 54.04 in filing and serving a bill costs violated the FDCPA and for purposes of the class allegations made herein would encompass all consumers similarly situated for a period one (1) year prior to the date of filing of this complaint under the applicable statute of limitations for the FDCPA.

## **CLASS ALLEGATIONS**

33. As a pattern and practice of its post-judgment collection activities against numerous Kentucky consumers, and similar to its post judgment collection activities against Plaintiff David Whitehouse, Midland has collected or attempted to collect court costs pursuant to judgments it obtained against numerous Kentucky consumers for "debts" within the meaning of the FDCPA without filing a bill of costs as set forth by KRS 453.050 and required by Ky. R. Civ. P. 54.04.

34. Plaintiff David Whitehouse brings this action individually and as a class action on behalf of proposed classes of consumers in the Commonwealth of Kentucky similarly situated (jointly, the "Classes"), and of which they are members, comprised of the following persons:

**CLASS:** All Kentucky consumers against whom Defendant Midland Funding, LLC, or its agents, employees, or representatives, filed a lawsuit in a Kentucky state court and obtained a judgment against such consumer and collected, or attempted to collect, court costs from the consumer without filing a bill itemizing costs it intended to recover as required by Ky. R. Civ. P. 54.04 and in violation of KRS 453.050. The Class is further subdivided as follows:

**Subclass A:** Those members of the Class against whom such conduct occurred within one (1) year prior year to the date of filing this complaint for purposes of the FDCPA, 15 U.S.C. § 1692 et seq., for a debt within the meaning of the FDCPA.

**Subclass B:** Those members of the Class against whom such conduct occurred within five (5) years prior to the date of filing of this complaint for violation of Kentucky statute KRS 453.050 and Ky. R. Civ. P. 54.04, and pursuant to the five (5) year statute of limitations for such conduct which violates a statute set out in KRS 413.120(2).

35. This action seeks actual damages under Kentucky state statutes pursuant to KRS 446.070; actual damages and maximum statutory damages under the FDCPA pursuant to 15 U.S.C.

§ 1692k(a)(2), for all members of the proposed Class; for injunctive relief against Midland enjoining it from further violation of such state and federal law; and for an award of attorneys' fees and allowable court costs.

36. The proposed Class as set out *supra,* and so represented by Plaintiff David Whitehouse in this action, and of which he is a member, consists of those persons defined above and which proposed classes are so numerous that joinder of individual members is impracticable.

37. Plaintiff's claims are typical of the claims of the proposed Class as set out *supra*.

38. There are common questions of law and fact applicable to the members of the proposed Class in this action that relate to and affect the rights of each member of the proposed Class, and the relief sought is common to the entirety of each proposed class. In particular, all members of the proposed Class have the same issues of fact and law in common.

39. There is no known conflict between Plaintiff and any other members of the proposed Class with respect to this action, or with respect to the claims for relief herein set forth.

40. Plaintiff is the representative party for the proposed Class and are able to, and will, fairly and adequately protect the interest of the proposed Class.

41. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

42. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

43. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Class creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

44. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

45. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed Class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Class will be

effective and appropriate for the entirety of the proposed class; and all members of the proposed Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

46. The identity of each individual member of the proposed Class can be ascertained from the books and records maintained by Defendant and/or from public records.

47. Because many of the persons who comprise the proposed Class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

48. The above-described actions by Midland Funding, LLC ("Midland") constitute violations of the Fair Debt Collection Practices Act.

49. Defendant Midland's violations of the FDCPA include, but are not limited to, the following:

    A. Violation of 15 U.S.C. 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt;

    B. Violation of 15 U.S.C. 1692e(2)(A) by the false representation of the character, amount, or legal status of any debt;

    C. Violation of 15 U.S.C. 1692e(2)(B) by the false representation of compensation which may be lawfully received by any debt collector for the collection of a debt;

    D. Violation of 15 U.S.C. 1692e(5) by threatening to take an action that cannot legally be taken;

    E. Violation of 15 U.S.C. 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt;

    F. Violation of 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

    G. Violation of 15 U.S.C. 1692f(1) by the collection or attempt to collect an amount

(including any interest, fee, charge, or expense incidental to the principal obligation) when such amount is not expressly authorized by an agreement creating the debt or permitted by law.

### Violation of Kentucky State Law

50.     The above-described actions by Midland violate K.R.S. 453.050 and Ky. R. Civ. P. 54.04 in that Midland failed to file a bill of costs as required prior to collecting or attempting to collect court costs or any recoverable cost under Kentucky law.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff David Whitehouse, on behalf of himself and all members of the proposed classes, requests the Court grant relief as follows:

a.     Award Plaintiff and the proposed class members their actual damages for amounts collected in violation of Kentucky State law as set out *supra* and as authorized pursuant to KRS 446.070 and the FDCPA;

b.     Award Plaintiff and the proposed class members the maximum amount of statutory damages for each member of the proposed classes provided under 15 U.S.C. §1692k;

c.     Award Plaintiff and the proposed class' members their attorneys' fees and court costs;

d.     Grant Plaintiff and the proposed class members an injunction, enjoining Midland from attempting to collect or collecting court costs without first filing a bill itemizing costs pursuant to judgments obtained in courts of the Commonwealth of Kentucky against consumers in Kentucky for debts within the meaning of the FDCPA;

e.     A trial by jury; and

f.     Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*

115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com